IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cv-0975-WKW |
| | ) | |
| DONAL CAMPBELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

On November 8, 2007, the Magistrate Judge filed a Recommendation (Doc. # 41) to which the plaintiff timely objected. (Doc. # 42.) In support of his failure to protect claim, Robert James Smith ("Smith") alleges for the first time that Defendant Alvin Jernigan ("Jernigan") knew the plaintiff and his attacker "had a problem with one another" and that there had been several other fights in the gym. (*Id.* at 2-3.) These allegations, while more specific than those previously stated, still fail to establish the defendants' subjective awareness of the substantial risk of harm, which is a necessary element to Smith's failure to protect claim.

In *Carter*, the plaintiff was placed in a cell with another prisoner who was known to be a "problem inmate" who was "pending reclassification to maximum-security status." *Carter v. Galloway*, 352 F.3d 1346, 1348-49 (11th Cir. 2003). Even after receiving specific notice that the cellmate was "acting crazy, wanting to fake a hanging, and making a statement that [the *Carter*] Plaintiff would help in the fake hanging 'one way or another,'" the Eleventh

Circuit held this was insufficient to establish the prison officials were subjectively aware of a substantial risk of harm. *Id.* at 1349-50. Similarly, Smith's allegations that Jernigan knew Smith and his attacker "had a problem with one another" is not sufficiently particularized so as to "provide a sufficient basis to make the inferential leap that a substantial risk of serious harm to [the p]laintiff existed." *Id.* at 1350. There are no indications Smith told the defendants he feared his attacker prior to the gym attack or that he had ever been clearly threatened by his attacker. *See id.* at 1349.

Smith's only other objection of note[1] is the claim that his "artificial liberty interest" was violated, presumably through the defendants' violation of the Alabama Administrative Code. (Doc. # 42, at 4.) The two cases cited by the plaintiff are either irrelevant or distinguishable.[2] Even assuming an "artificial liberty interest" exists, Smith fails to explain how the defendants violated the Alabama Administrative Code, or what portion of the code were allegedly violated. The Recommendation thoroughly addresses Smith's due process claims, (Doc. # 41, at 10-11), and even assuming the prison officials wrote a false

---

[1] While the plaintiff addresses the nature and extent of his injury at great length, this argument is more relevant to the issue of damages than to the issue of liability.

[2] In *Rose*, the court was deciding whether there was an arguable liberty interest for the purposes of determining a petition for leave to proceed *in forma pauperis*. *Rose v. Kettle Moraine Corr. Inst. Officials*, 778 F. Supp. 1009, 1010 (E.D. Wis. 1991). Smith has already been afforded this status, (*see* Doc. # 6), and is now at the summary judgment stage which requires a different standard of review. The Supreme Court's holding that a provision of the Alabama Constitution was unconstitutional because it disenfranchised persons convicted of crimes involving moral turpitude is irrelevant to the case at hand. *Hunter v. Underwood*, 471 U.S. 222, 233 (1985).

disciplinary report against Smith, he fails to establish the disciplinary hearing violated his due process rights. *See Asad v. Crosby*, 158 Fed. Appx. 166, 172-73 (11th Cir. 2005) (rejecting a prisoner's due process claim even though prison officials were alleged to have written false disciplinary reports). Finally, it is undisputed that Smith was ultimately found not guilty at the disciplinary hearing of the alleged fighting charge. (Doc. # 25-5, at 2.)

Therefore, upon an independent and *de novo* review of the file in this case and upon consideration of the Recommendation of the Magistrate Judge, it is ORDERED that:

1. The Recommendation (Doc. # 41) is ADOPTED;

2. The plaintiff's objection (Doc. # 42) is OVERRULED;

3. To the extent the plaintiff's objection (Doc. # 42) consists of a "motion to survive" summary judgment, it is DENIED;

4. The defendants' summary judgment motion (Doc. # 25) is GRANTED against each and every claim brought by the plaintiff;[3]

5. This case is DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this the 6th day of March, 2008.

                                                    /s/   W.  Keith Watkins
                                        UNITED STATES DISTRICT JUDGE

---

[3] Because the court finds all of the plaintiff's claims are due to be dismissed, the plaintiff's request to dismiss his claims against Defendants Donal Campbell, Bob Riley, and Gwendolyn Mosley is moot. (*See* Doc. # 42, at 4.)